# UNITED STATES BANKRUPTCY COURT
## for the
## DISTRICT OF MASSACHUSETTS

```
===========================================
                                            *
In Re:                                      *
                                            *  Chapter 7
        BARRY J. ROBBINS,                   *  No. 05-11616-WCH
                                            *
                        Debtor              *
                                            *
===========================================
```

## MEMORANDUM DECISION ON MOTION OF THE
## UNITED STATES TRUSTEE TO DISMISS

The United States Trustee filed the present motion seeking dismissal of this case pursuant to 11 U.S.C. § 707(b) and an extension of time in which to file an objection to discharge pursuant to 11 U.S.C. § 727.[1] By an interim order I extended to deadline for filing objections to discharge until two weeks after the issuance of this decision,[2] and took under advisement the merits of the portion of the United States Trustee's motion seeking dismissal of the case. I now determine that an evidentiary hearing will be necessary for a final determination of this motion.

### Facts

Barry J. Robbins ("Debtor") filed his petition under Chapter 7 on March 8, 2005. His debts are primarily consumer debts. He elected the federal exemptions as provided in 11

---

[1] Docket No. 15.

[2] Docket No. 23.

1

U.S.C. § 522(b)(1) and claimed an exemption in a qualified retirement plan pursuant to 11 U.S.C. § 522(d)(10). He valued the plan at $36,451.84 and claimed an exemption in the amount of $28,127.88.[3] No objection was filed to the claimed exemptions.

On July 5, 2005, Debtor filed amended Schedules I and J to his petition.[4] He indicated net monthly income of $2,553.56. In reaching that result, Debtor deducted payroll deductions of $370.91 for "loan payments" and $400.77 for "retirement". Subsequent pleadings indicate that the loan payments relate to a loan from Debtor's qualified retirement plan. Schedule J indicated total monthly expenses of $2,791.00, resulting in a net monthly deficit in income of $237.44.

## Positions of the Parties

The United States Trustee urges that the deductions from gross income for contributions and loan repayments to retirement plans are to be disregarded in determining substantial abuse for purposes of § 707(b). She would have me add back $280.54 (the after-tax remainder if the retirement contribution is not taken) plus the amount of the loan repayment, thus reducing Schedule I by $651.45 and leaving disposable income of $414.01. This, says the Trustee, would result in a 45% three-year Chapter 13 plan, including the trustee's fee, and demonstrates that the case should be dismissed.

Debtor disagrees.[5] He argues that since the loan repayments relate to his

---

[3] Docket No. 1, Schedule C.

[4] Docket No. 11.

[5] Docket No. 16. MLBR 9013-1(j) says that "in any opposition to a motion, the opposing party shall admit or deny each allegation of the motion, state any affirmative defense to the motion, and state specifically why the relief requested in the motion should not be granted." Debtor ignored the first two requirements of this rule. I assume

2

retirement plan, discontinuance of payments would result in a diminution of the amount in the plan and hence would impair his exemption. He also asserts several forthcoming, potential, changes in Debtor's income which would reduce his cash flow substantially.[6]

### Discussion

The governing legal principle is set forth in the First Circuit's *Lamanna* decision.[7] It adopted the position of the Sixth Circuit in *In re Krohn*:[8]

> We adopt the "totality of the circumstances" test. . . . In so doing, we reject any per se rules mandating dismissal for "substantial abuse" whenever the debtor is able to repay his debt out of future disposable income, or forbidding dismissal on that basis alone. . . . We hold that a bankruptcy court may, but is not required to, find "substantial abuse" if the debtor has an ability to repay, in light of all of the circumstances. In sum, in assessing the totality of the debtor's circumstances, courts should regard the debtor's ability to repay out of future disposable income as the primary, but not necessarily conclusive, factor of "substantial abuse."[9]

The issue before me is a subset of circumstances; that is, are payments into a retirement plan or repayments of a loan to such a plan appropriate deductions in determining the amount of funds available at the beginning of the disposable income analysis.

Since *Lamanna* directs me to consider the debtor's ability to repay debts, I am lead

---

that by not controverting the *facts* asserted by the Trustee he agrees with them.

[6] Indeed, if those allegations are correct, Debtor would be unable to make the loan repayments and further contributions presently budgeted.

[7] First USA v. Lamanna (*In re* Lamanna), 153 F.3d 1(1st Cir. 1998).

[8] 886 F.2d 123 (6th Cir. 1989).

[9] *Id.* at 4-5 (footnotes omitted). For a further discussion of *Krohn*, see my decision, *In re* Gotham, 327 B.R. 65 (Bankr. D. Mass. 2005).

3

to the concept of disposable income in the confirmation of Chapter 13 plans:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> . . . .
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.
>
> (2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—
>
> (A) for the maintenance or support of the debtor or a dependent of the debtor. . . .[10]

In the Chapter 13 context, I have held that

> equity is best served by a complete review of the facts of each case rather than a per se rule which holds in all circumstances that loan repayments are never reasonably necessary for the maintenance [and] support of the debtor and thus are always to be considered disposable income. Consequently, I conclude the facts surrounding each individual case must be analyzed in order to make a fair determination as to whether the money being utilized for loan repayment is "reasonably necessary" for the maintenance and support of a debtor.[11]

The same reasoning should apply when the issue is the application of § 707(b) under the *Lamanna* rule. I respectfully reject the Third and Sixth Circuits' holdings that amounts intended as retirement plan contributions and payments such as are involved in this case are always to be included in disposable income.[12]

---

[10] 11 U.S.C. § 1325(b). The definition has been applied in cases involving § 707(b). *See, e.g.*, Behlke v. Eisen (*In re* Behlke), 358 F.3d 429, 435 (6th Cir. 2004).

[11] *In re* Guild, 269 B.R. 470, 474 (Bankr. D. Mass. 2001).

[12] Behlke v. Eisen (*In re* Behlke), 358 F.3d 429, 435 (6th Cir. 2004); Anes v. Dehart (*In re* Anes), 195 F.3d 177, 180-181 (3rd Cir. 1999).

4

## Conclusion

An evidentiary hearing is necessary. The extension of the deadline for filing objections to discharge is further extended until two weeks after I render a decision on the merits of the motion to dismiss. A pretrial conference on that motion will be scheduled.

*William C. Hillman*
William C. Hillman
United States Bankruptcy Judge

Dated: 11/8/05